WILLIAM E. WARING, Respondent, v. JULIUS SOMBORN, Appellant.

*Appeal — stay of proceedings pending — Code, § 348 — what condition may be imposed under.*

In an action brought to foreclose a mortgage, one of the defenses set up in the answer was a tender of the amount due. Pending an appeal from a judgment therein recovered by the plaintiff, the defendant applied for a stay, which was granted on condition that he executed a bond in a prescribed penalty, and that he waived the defense of tender. Upon an appeal from the latter clause of the order, *held*, that, under section 348 of the Code, the terms to be imposed were left to the sound discretion of the justice, and that, in the absence of all evidence to the contrary, it must be assumed that it appeared to the justice that the alleged defense was not involved in the appeal, and that it would be inequitable to allow it to remain in the record if, for any reason, a new trial should be granted.

Appeal from an order made at Special Term, fixing the terms on which the proceedings in this action should be stayed, pending an appeal from a judgment recorded by the plaintiff.

*Mr. Sanders*, for the appellant.

*H. H. Anderson*, for the respondent.

Davis, P. J. :

This action was brought to foreclose a mortgage. Issue was joined therein, and, amongst other defenses, the defendant alleged by his answer that he tendered, before said suit was brought, the moneys due on the mortgage.

On the trial the plaintiff had judgment of foreclosure and sale. The defendant appealed therefrom, and after such appeal was taken, applied to the judge who tried the cause, for an order staying proceedings under section 348 of the late Code of Procedure.

The judge granted the stay upon defendant's execution of a bond in a prescribed penalty to pay deficiency, etc., and *waiving the defense of tender*.

From so much of the order as required the waiver of the defense

of tender, the defendant appealed. Section 348 of the Code pro
vides that the stay granted thereunder may be "upon such terms as
to security, *or otherwise*, as may be just." This leaves to the judge
a wide field of discretion. But where it appears that such discre-
tion has manifestly been abused, to the prejudice of the defendant,
this court should not hesitate to correct such abuse. We cannot,
however, presume such abuse. In this case the papers disclose no
fact tending to show that the appeal involves any question touching
the alleged tender. Certainly, if it did, it would be improper to
require the defendant as a condition of stay, to strike out or waive
any substantial ground of such appeal. But, in the absence of any-
thing tending to show the contrary, we must assume that it appeared
to the judge who tried the cause not only that the alleged defense
of tender was not involved in the appeal, but that it would be
inequitable to allow it to remain in the record, if, for any reason, a
new trial should be had. He acted as he had a right to act on
every thing that occurred on the trial, as well as on the affidavit and
notice brought before us on this appeal. Neither the case made on
the appeal, nor the evidence taken on the trial, nor any thing else,
from which we can see that the judge acted harshly or improvi-
dently in imposing the condition appealed from, is laid before us.
Under such circumstances, we think it our duty to affirm the order.
The appellant is, of course, not bound to accept the conditions of the
order. He may proceed without stay, or may have leave to file an
undertaking, *nunc pro tunc*, under the other provisions of the order.

The order must be affirmed, with ten dollars costs and disburse-
ments.

BRADY, J., concurred; DANIELS, J., not acting.

Order affirmed, with ten dollars costs and disbursements.